IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD MULIEK KEARNEY** | : | |
| **Plaintiff** | : | **Civil No. 1:13-CV-1850** |
| | : | |
| **v.** | : | |
| | : | |
| **MATTHEW D. WADSWORTH and** | : | |
| **CHARLES E. GLIECHMAN,** | : | |
| | : | **Judge Sylvia H. Rambo** |
| **Defendants** | : | |

## M E M O R A N D U M

In this Section 1983 civil rights action, Plaintiff has sued two law enforcement officers asserting violations of his rights protected by the Fourth and Fourteenth Amendments. Presently before the court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). (Doc. 26.) Because the court finds that the favorable termination requirement of *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's claims under 42 U.S.C. § 1983, it will grant the motion to dismiss.

## I.      Background

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Thus, for the purposes of the motion *sub judice*, the court only considers the allegations contained in the complaint, as amended, and exhibits submitted in support thereof (Doc. 1; Doc. 38) and will accept as true all well-pleaded factual allegations contained therein. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Due to Plaintiff's pro se status, the court will turn to the properly pleaded portions of Plaintiff's amended complaint where needed, despite the fact that the document fails

to conform to the Federal Rules of Civil Procedure, Local Rules of Court, and unambiguous instructions set forth in prior orders.

### A.   Facts

Plaintiff, a state inmate acting pro se, asserted constitutional claims related to the legal processes which led to his convictions in the Fulton County Court of Common Pleas for burglary, conspiracy, and simple assault, all arising from his actions on June 29, 2011, involving the unlawful entry into a dwelling.  (*See* Doc. 1, ¶ 13.)  Plaintiff alleges that his identification, arrest, prosecution, conviction, and resulting detention were illegal, not based upon probable cause, and in violation of his constitutional rights.  Specifically, Plaintiff alleges that Defendant Matthew D. Wadsworth, a state police officer stationed at the McConnellsburg Pennsylvania State Police Barracks, included Plaintiff's name in the affidavit of probable cause, despite the failure of Travis Smith and Vicky Vance, victims of the crimes for which Plaintiff was convicted, to identify Plaintiff by name during their interviews with Defendant Wadsworth, as evidenced by their victim/witness statement forms.  (*See* Doc. 1, ¶¶ 15, 18; *see also* Doc. 38-1, pp. 4-5 of 9; Doc. 1, p. 8 of 13.)  Plaintiff also alleges that Defendant Wadsworth failed to include an account of the June 29, 2011 incident provided by Scott Loveless, an eye witness, which Plaintiff alleges was contrary to the story provided by Smith.  (*See* Doc. 38, ¶ 10; Doc. 38-1.)  Plaintiff contends that Defendant Wadsworth's affidavit of probable cause was "outright false" and made with a "reckless disregard for the truth."  (Doc. 1, ¶ 18.)  Plaintiff further alleges that the photograph lineup presented by Defendant Wadsworth to Vance was unduly suggestive.  (Doc. 1, ¶¶ 12-14; Doc. 47, ¶ 15.)  Lastly, Plaintiff takes exception to Defendant Wadsworth's omitting certain witness statements from

his affidavit of probable cause.  (Doc. 38, ¶ 17.)  Plaintiff included Defendant

Charles E. Gleichman, a supervising corporal also stationed at the Pennsylvania State

Police Barracks in McConnellsburg, Pennsylvania, as a defendant in the action on

the basis of his supervisory positions.  (Doc. 1, ¶¶ 16, 20; Doc. 38, ¶ 20, 22.)  As

relief for these alleged constitutional violations, Plaintiff seeks declaratory relief[1] and

both compensatory and punitive damages.  (Doc. 1, ¶¶ 21-25.)

### B.   Procedural History

Plaintiff initiated this action by filing a complaint on July 8, 2013.

(Doc. 1, ¶¶ 4, 5.)  Plaintiff asserted his claim against each Defendant in both their

official and individual capacities.  (*Id*. at ¶ 6; Doc. 38, ¶ 1.)  The court granted

Plaintiff's motion for leave to proceed *in forma pauperis* and directed that a

summons be prepared and issued on October 23, 2013.  (*See* Docs. 16 & 17.)

Defendants timely waived service.  (Doc. 24.)

On December 13, 2013, Plaintiff filed a motion to amend his complaint

(Doc. 25), which was noncompliant with Middle District of Pennsylvania Local Rule

15.1, inasmuch as it contained only two vague paragraphs and failed to contain a

proposed amended complaint (*see id*.).  Despite Plaintiff's noncompliance and

because such a motion was unnecessary due to operation of Federal Rule of Civil

Procedure 15(a)(1)(B), the court deemed Plaintiff's motion moot and advised

Plaintiff that he may file his amended complaint as a matter of course no later than

January 13, 2014.  (Doc. 28.)  On December 23, 2013, Defendants filed a joint

---

[1]  Here, Plaintiff seeks declaratory relief that Defendants violated his constitutional rights to secure his conviction.  Because requests for a declaratory judgment that a conviction is unconstitutional is an attack on the validity of the fact or length of confinement, these claims are not cognizable until the conviction or sentence has been overturned.  Although he does not specifically request release, the finding of such declaratory relief in Plaintiff's favor would show that release was required.

motion to dismiss for failure to state a claim upon which relief could be granted (Doc. 26) and brief in support thereof (Doc. 27).  In response to a request from Plaintiff filed on January 8, 2014 (*see* Doc. 29), the court clarified its previous order regarding Plaintiff's options, instructing that he could either file an amended complaint that was complete in all respects or file a response to the pending motion to dismiss (*see* Doc. 30).  On January 16, 2014, three days after the January 13, 2014 deadline had lapsed, Plaintiff filed a motion for an extension of time to amend his complaint based on "extraordinary circumstances."  (Doc. 31.)  In an order dated January 17, 2014, the court granted Plaintiff's motion for an extension of time, extending the January 13, 2014 deadline to January 30, 2014.  (Doc. 32.)  Moreover, the court advised Plaintiff of the consequences of his failure to file an amended complaint, indicating that it would rule on Defendants' unopposed motion to dismiss if no amended complaint was filed.  (*Id.*)

On January 28, 2014, Plaintiff filed a motion to stay the proceedings. (Doc. 34.)  The court denied the stay, but granted Plaintiff another extension of time, this time until February 14, 2014, in which he was to comply with the previous orders.  (Doc. 35.)  On February 14, 2014, Plaintiff filed another motion for an extension of time (Doc. 36), which the court granted, extending the deadline to February 28, 2014 (Doc. 37).  On March 5, 2014, Plaintiff filed an amended complaint, which was noncompliant with the Local Rules or court orders, inasmuch as it was not complete in and of itself, but rather referenced the original complaint. (Doc. 38.)  On March 6, 2014, Defendants indicated their intention to rely on the grounds set forth in their December 23, 2013 motion to dismiss as the basis for dismissing Plaintiff's amended complaint.  (Doc. 39.)  On March 21, 2014, Plaintiff

filed yet another motion for extension of time (Doc. 40), which the court denied by order dated March 24, 2014 (Doc. 41).  Despite the denial, Plaintiff filed a brief in opposition to the motion to dismiss on March 26, 2014.  (Doc. 42.)  On April 3, 2014, the court vacated the portion of its March 24, 2014 order closing the record and accepted Plaintiff's brief in opposition as filed.  Although Defendants are entitled to file a reply, the court finds that this matter has been adequately briefed and is appropriate for disposition.

## II.        Legal Standards

### A.        Pro Se Pleadings

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Under the liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant, especially when the complainant is a pro se litigant.  *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).  Plaintiff's complaint leaves much to be desired, especially due to Plaintiff's noncompliance with the court's orders and local rules as his amended complaint refers to and incorporates his original complaint and a recent filing requests that the court refer to exhibits contained in his original complaint for briefing purposes.  (Doc. 43.)  Nevertheless, even liberally construing the factual averments contained therein, Plaintiff's complaint cannot withstand Defendants' motion to dismiss.

### B.        Failure To State a Claim

Defendants' motion challenges Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a), which requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).  While a complaint need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Thus, when adjudicating a motion to dismiss for failure to state a claim, the court must view all the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all reasonable inferences that can be derived therefrom.  *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)).  However, the court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (directing that district courts "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions").

Ultimately, the court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.  "The plausibility standard requires 'more than a sheer possibility' that a defendant is liable for the alleged misconduct." *Reuben v. U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678).

6

The complaint must do more than allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Steedley v. McBride*, 446 F. App'x 424, 425 (3d Cir. 2011) (citing *Fowler*, 578 F.3d at 211). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alterations in original) (quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

To evaluate whether allegations in a complaint survive a Rule 12(b)(6) motion, the district court must initially "take note of the elements a plaintiff must plead to state a claim." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). Next, the court should identify allegations that "are no more than conclusions" and thus "not entitled to the assumption of truth." *Id.* Lastly, "where there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

"A complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citing *Twombly*, 550 U.S. at 588 n.8). Rather, Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Id.* at 234.

Plaintiff attached pages of exhibits to his pleadings.  The use of these exhibits by the court, however, does not convert Defendants' motion to dismiss for failure to state a claim into a motion for summary judgment.  *Pryor v. National Coll. Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) ("[C]ertain matters outside the body of the complaint itself, such as exhibits attached to the complaints and facts of which the court will take judicial notice, will not trigger the conversion of [a Rule] 12(b)(6) motion to dismiss to [a Rule] 56 motion for summary judgment.").

## III.        Discussion

The court interprets Plaintiff's complaint as asserting a Section 1983 claim for malicious prosecution/false arrest/false imprisonment.  Section 1983 of Title 42 of the United States Code offers private citizens a means to redress violations of federal law committed by state officials.  *See* 42 U.S.C. § 1983.  The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.*  "Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors."  *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)).  To establish a claim under this section, a plaintiff must demonstrate that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or

immunity secured by either the Constitution or the laws of the United States.  *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Plaintiff claims that Defendant Wadsworth violated his Fourth Amendment right to be free from unreasonable seizures, which includes the right to be free from malicious prosecution, false arrest, and false imprisonment.  An arresting officer violates a person's Fourth Amendment rights when the officer arrests a person without probable cause.  *See Hanks v. County of Del.*, 518 F. Supp. 2d 642, 648 (E.D. Pa. 2007) (citing *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)); *see also Pierson v. Ray*, 386 U.S. 547, 556-57 (1967) (acknowledging that a plaintiff may recover civil damages for false arrest under Section 1983 if the plaintiff is able to establish the arresting officers lacked good faith and probable cause).  When an officer does make an arrest without probable cause, the arrestee may also assert a Section 1983 false imprisonment claim based on any subsequent detention resulting from that arrest.  *Groman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995).  Probable cause exists when the facts and circumstances within an arresting officer's knowledge are sufficient to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.  *Id.* at 634.

## A.        Favorable Termination Requirement

Defendants argue that this action should be dismissed in accordance with *Heck v. Humphrey*, 512 U.S. 477 (1994).  The court agrees.  Plaintiff seeks to bring a civil rights action premised on claims of false arrest and imprisonment, which are based upon a valid state criminal conviction that has not been set aside or

overturned.  This he cannot do.  To the contrary, it is well-settled that an essential element of a civil rights false arrest or imprisonment claim is that the underlying criminal case must have been terminated in favor of the civil rights claimant. Therefore, where, as here, the civil rights plaintiff brings a malicious prosecution or false arrest claim based upon a state case that resulted in a conviction, the plaintiff's claim fails as a matter of law.  In *Heck*, the Supreme Court held that "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to [Section] 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction of confinement."  *Id.* at 486.  The Third Circuit has aptly observed in this regard:

> The Supreme Court has "repeatedly noted that 42 U.S.C. § 1983 creates a species of tort liability."  Given this close relation between § 1983 and tort liability, the Supreme Court has said that the common law of torts, "defining the elements of damages and the prerequisites for their recovery, provide[s] the appropriate starting point for inquiry under § 1983 as well."  The Supreme Court applied this rule in *Heck* to an inmate's § 1983 suit, which alleged that county prosecutors and a state police officer destroyed evidence, used an unlawful voice identification procedure, and engaged in other misconduct.  In deciding whether the inmate could state a claim for those alleged violations, the Supreme Court asked what common-law cause of action was the closest to the inmate's claim and concluded that "malicious prosecution provides the closest analogy . . . because unlike the related cause of action for false arrest or imprisonment, it permits damages for confinement imposed pursuant to the legal process."  Looking to the elements of malicious prosecution, the Court held that the inmate's claim could not proceed because one requirement of malicious prosecution is that the prior criminal proceedings must have terminated in the plaintiff's favor, and the

> inmate in *Heck* had not successfully challenged his
> criminal conviction.

*Hector v. Watt*, 235 F.3d 154, 155-56 (3d Cir. 2000) (internal citations omitted).

Thus, it is a legal prerequisite to a civil rights claim in this setting based upon allegations of false arrest or malicious prosecution that the plaintiff show that the criminal proceedings have terminated in his favor.  Indeed, it is well-settled that:

> To prove malicious prosecution under [S]ection 1983, a
> plaintiff must show that: (1) the defendants initiated a
> criminal proceeding; (2) *the criminal proceeding ended in*
> *plaintiff's favor*; (3) the proceeding was initiated without
> probable cause; (4) the defendants acted maliciously or for
> a purpose other than bringing the plaintiff to justice; and
> (5) the plaintiff suffered deprivation of liberty consistent
> with the concept of seizure as a consequence of the legal
> proceeding.

*Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003) (emphasis supplied).

As the Third Circuit has observed:

> The purpose of the favorable termination requirement is to
> avoid "the possibility of the claimant . . . succeeding in the
> tort action after having been convicted in the underlying
> criminal prosecution, in contravention of a strong judicial
> policy against the creation of two conflicting resolutions
> arising out of the same or identical transaction."
> Consistent with this purpose, we have held that a prior
> criminal case must have been disposed of in a way that
> indicates the innocence of the accused in order to satisfy
> the favorable termination element.  Accordingly, a
> malicious prosecution claim cannot be predicated on an
> underlying criminal proceeding which terminated in a
> manner not indicative of the innocence of the accused.

*Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009) (internal citations and footnote omitted).

In this case, it is evident that Plaintiff's prior state criminal prosecution did not terminate favorably for him, in a way which "indicate[d] the plaintiff's innocence of the alleged misconduct underlying the offenses charged," *Kossler*, 564 F.3d at 188, because Plaintiff was convicted in the state case of burglary, *inter alia*, and sentenced to sixty months to ten years imprisonment. (*See* Doc. 26-2.)  The essence of Plaintiff's federal claims against Defendant Wadsworth is that the events underlying the state criminal charges against them "did not happen" and that the affidavit of probable cause submitted for his arrest contained falsehoods.  The trier of fact clearly did not agree.  Plaintiff admits, and the public records confirm, that he was convicted of the offenses for which he was charged in relation to his actions on June 29, 2011.  The favorable termination rule applies because Plaintiff's federal lawsuit necessarily calls into question the validity of his convictions, as his civil suit is premised on the nonoccurrence of the events underlying his convictions.

Plaintiff's convictions or sentences have not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck*, 512 U.S. at 487.  Since "one requirement of malicious prosecution is that the prior criminal proceedings must have terminated in the plaintiff's favor," *Hector*, 235 F.3d at 156, the immutable fact of Plaintiff's conviction on these grave charges defeats any federal civil rights claim based upon false arrest or malicious prosecution in this state case and compels dismissal of these claims.  In short, this complaint is based upon the fundamentally flawed legal premise that Plaintiff can sue state officials for false arrest and imprisonment even though he stands convicted of the crimes charged against him.  Because, as applied

to the facts here, this premise is simply incorrect, Plaintiff's complaint fails as a matter of law.  Accordingly, the court will dismiss Plaintiff's claims insofar as the complaint challenges Defendant Wadsworth's conduct during the investigation and prosecution of the crimes for which Plaintiff was convicted.

Moreover, it is well established that the use of unreliable identification evidence obtained by police through unnecessarily suggestive procedures violates a defendant's right to due process.  *See Neil v. Biggers*, 409 U.S. 188, 199 (1972). However, because judgment in favor of Plaintiff on a claim arising from an unconstitutional identification procedure would imply the invalidity of Plaintiff's convictions, any claim related to the improper identification procedure is similarly barred by *Heck*.  Accordingly, the court will dismiss Plaintiff's claims insofar as the complaint challenges the actions of Defendant Wadsworth regarding his use of allegedly unconstitutional identification procedures in the course of his investigation.

In his response in opposition to the motion to dismiss, Plaintiff argues that he "relies strongly" upon the decision of *Gonzalez v. Entress*, 133 F.3d 551 (7th Cir. 1998), which provided that "[a] suit for damages attributable to an allegedly illegal search could lie even if the search produced evidence that resulted in a still outstanding conviction."  (Doc. 42, p. 9 of 23.)  Plaintiff's action does not arise from an illegal search.  *But see Heck*, 512 U.S. at 487 n.7 (suggesting that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced into a state criminal trial . . . *[b]ecause of doctrines like independent source and inevitable discovery, and especially harmless error*." (emphasis added and internal citations omitted)).  Rather, in this case, Plaintiff argues that the actions and omissions of Defendant Wadsworth

with respect to his interviewing of Vance, Smith, and Loveless, the witnesses'
identification of Plaintiff, and Defendant Wadsworth's subsequent affidavit of
probable cause, violated his rights to be free from false arrest and malicious
prosecution.  Plaintiff, however, makes no mention of an illegal search.  Thus, this
footnote in *Heck* provides him no relief.

　　　　　The essence of Plaintiff's claims is that the fabrication of false criminal
charges against him based upon constitutionally infirm practices amounted to an
unconstitutional conviction and imprisonment.  Because success in establishing that
Defendants falsely convicted Plaintiff by allegedly lying during the course of the
criminal proceedings, committing perjury, and withholding exculpatory evidence,
would necessarily render Plaintiff's convictions or sentences invalid, *Hecks*'s
reasoning renders Plaintiffs' claims non-cognizable absent an invalidation of those
convictions.  *See Platts v. Buchanan*, Civ. No. 12-cv-1788, 2013 WL 4810486, *6
(W.D. Pa. Sept. 9, 2013) (citing *Abella v. Rubino*, 63 F.3d 1063, 1064-65 (11th Cir.
1995) (holding that the plaintiff's argument that the defendants "knowingly and
willfully . . . convict[ed] him falsely by fabricating testimony and other evidence
against him" was barred under *Heck* because "[j]udgment in favor of Abella on these
claims 'would necessarily imply the invalidity of his conviction'"); *Zhai v. Cedar
Grove Mun.*, 183 F. App'x 253, 255 (3d Cir. 2006) ("[The plaintiff's civil rights
claims] are based on her allegation that the officers, prosecutor, and judge conspired
to bring false charges to secure a release for any civil liability resulting from the
incident.  However, these claims are barred, along with her challenges to the guilty
plea itself, by *Heck v. Humphrey*"); *Perez v. Sifel*, 57 F.3d 503 (7th Cir. 1995) (per
curiam) ([holding that] *Heck* barred Section 1983 action charging conspiracy to

procure conviction through perjury, falsifying evidence, and withholding exculpatory evidence)).  As Plaintiff's conclusory allegations of perjury continue to undermine the validity of his conviction, which has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a writ of habeas corpus, his claims remain barred by *Heck*.  Accordingly, Plaintiff's claims against Defendant Wadsworth will be dismissed.

### B.      <u>Supervisor Liability</u>

Additionally, Plaintiff names Supervising Corporal Gleichman as a defendant on the basis of his supervisory authority.  Defendants contend that the facts alleged do not establish liability as to Defendant Gleichman.  For the following reasons, the court agrees with Defendants, and any claim predicated on Defendant Gleichman's supervisory status will be dismissed from the action.

Section 1983 creates a cause of action based upon personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.  *See Santiago*, 629 F.3d at 128-29; *Iqbal*, 556 U.S. at 693 ("[E]ach Government official . . . is only liable for his or her own misconduct").  Accordingly, liability under Section 1983 may only be based upon a defendant's personal involvement amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). "Liability may not be imposed under Section 1983 on the principle of respondeat superior."  *Hetzel v. Swartz*, 909 F. Supp. 261, 264 (M.D. Pa. 1995) (citing *Hampton*, 546 F.2d at 1082). Therefore, to survive a Rule 12(b)(6) motion, the complaint must contain averments establishing each defendant's involvement in the conduct that

caused a violation of Plaintiff's constitutional rights. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Applicable to the matter *sub judice*, "a supervisor may be personally liable . . . if he or she . . . , as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *Santiago*, 629 F.3d at 129 (citing *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)).

Plaintiff has not alleged facts in his complaint from which it can reasonably be inferred that Defendant Gleichman's personal conduct violated his constitutional rights. Because the complaint does not allege facts sufficient to show that Plaintiff has a "plausible claim for relief" for a Section 1983 claim against Defendant Gleichman on the basis of the supervisor's personal involvement, any claim asserted against Defendant Gleichman on the basis of his personal involvement will be dismissed. Additionally, Plaintiff's claims must fail to the extent that he attempts to assert claims against Defendant Gleichman for supervisor liability, *i.e.*, that he had knowledge of and acquiesced in Defendant Wadsworth's alleged violations of Plaintiff's constitutional rights. As discussed *supra*, Part III.A, Plaintiff cannot maintain an action where the success of that action would implicitly require the invalidation of his criminal conviction. Thus, any claim that Defendant Gleichman knew of and acquiesced in Defendant Wadsworth's actions necessarily includes, as an element, an actual violation at the hands of the supervisor's subordinate. Because such a violation cannot be shown, Plaintiff cannot maintain an action on the basis of supervisory liability. Accordingly, Defendant Gleichman will be dismissed from this action.

IV.        **Conclusion**

Based on the foregoing, the court finds that a ruling in favor of Plaintiff in this Section 1983 civil rights litigation would necessarily imply the invalidation of Plaintiff's convictions, which remain valid at this time.  Thus, these claims are not cognizable due to the favorable termination requirement set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Accordingly, the court concludes that Plaintiff's complaint fails to state a claim upon which relief can be granted and will dismiss Plaintiff's complaint in its entirety.

An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated:  April 3, 2014.